# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY LEE CLARK, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV418-093 |
| | ) | |
| SHERRIF JOHN T. WILCHER, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 8:29 am, May 04, 2018*

## REPORT AND RECOMMENDATION

*Pro se* prisoner Jerry Lee Clark has returned to this Court seeking redress for his allegedly improper arrest and detention. *See* doc. 1. He earlier made similar allegations in both a habeas petition and a suit filed pursuant to 42 U.S.C. § 1983. *Compare id.*, *with Clark v. Unknown*, CV417-171, doc. 1 (S.D. Ga. Sept. 1, 2017), *and Clark v. Wilcher*, CV417-161, doc. 1 (S.D. Ga. Aug. 31, 2017). He again seems to seek both habeas and monetary relief. *See* doc. 1 at 6 (seeking both dismissal of the state criminal charges he currently faces and compensation of "$1,000.00 per month that I have been incarcerated from Oct. 11, 2015 up until April 11, 2018."). He also seeks to pursue this case *in forma pauperis*. Doc. 2.

To the extent that he seeks habeas relief,[1] and for jurisdictional purposes only, the Court **GRANTS** his motion to proceed *in forma pauperis*. Doc. 2. But because it "plainly appears from the petition" that he "is not entitled to relief in the district court," his petition should be summarily dismissed.  Rule 4 of the Rules Governing 28 U.S.C. § 2254 Cases.

Clark states that he was guilty-plea convicted in Chatham County Superior Court on January 8, 2018. Doc. 1 at 1. He does not allege that he has appealed or sought state habeas relief, however.  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullian v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting *Boerckel*).  Clark, by his own admission, has yet to do

---

[1]  The Court will address Clark's claims for monetary relief by separate Order.  To that end, the Clerk is **DIRECTED** to open a separate civil case with Clark listed as the plaintiff and the present respondents listed as defendants. *See* Fed. R. Civ. P. 21 ("The Court may . . . sever any claim against a party.").  The Clerk is further **DIRECTED** to docket copies of Doc. 1, labeled as a 42 U.S.C. § 1983 Complaint, doc. 2, and a copy of this Order into the new case.  Any further filing from Clark related to his habeas petition should be filed into this case (CV418-093).  Any further filing related to his § 1983 claims should be filed into the new case.

that.[2]  Before seeking habeas relief on his state conviction in this Court, he must exhaust his available remedies, either through a direct appeal or a state habeas proceeding.  *See, e.g., Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (citing *Brown v. Allen*, 344 U.S. 442, 448 n. 3 (1953); 17A CHARLES A. WRIGHT, ARTHUR R. MILLER, *et al.*, FEDERAL PRAC. & PROC. § 4264 ("[I]t is well settled that § 2254 is satisfied if the federal issue has once been properly presented to the highest court of the state.").  Put another way, he must be sure that he has exploited "the right under the law of the State to raise, by *any* available procedure, the question presented."  28 U.S.C. § 2254(c) (emphasis added).  To the extent that he seeks habeas relief from this Court, the petition should be **DISMISSED** without prejudice for lack of exhaustion.[3]

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage

---

[2]  It is possible that Clark intended to file this as his state habeas petition.  The first page of this petition appears to be from a state-court habeas form, and it is captioned for the Superior Court of Chatham County.  Doc. 1 at 1.  The second and subsequent pages appear to be from this Court's form § 1983 Complaint.  *See* doc. 1 at 2-6.

[3]  A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see*

*Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua*

*sponte* denial of COA before movant filed a notice of appeal).  And, as

there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

This Report and Recommendation (R&R) is submitted to the

district judge assigned to this action, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of

service, any party may file written objections to this R&R with the Court

and serve a copy on all parties.  The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations."  Any

request for additional time to file objections should be filed with the

Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 4th day of May, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA